**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANNY MACK WEST,

     Plaintiff-Appellant,

v.

JOHN GRUBBS,

     Defendant-Appellee.

No. 00-7012

(D.C. No. 99-CV-554-P)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

     Petitioner Danny Mack West filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus in federal district court. Therein, Petitioner stated he was not attacking his conviction or sentence, but rather a purported violation of his constitutional rights as a consequence of inadequate medical treatment. Petitioner claimed he had suffered both physical and mental injury. The district court construed the petition as a civil

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

rights complaint arising under 42 U.S.C. § 1983, and directed Petitioner to file a proper civil rights complaint within twenty days on the form provided by the clerk of court. Petitioner objected to the court's order, pointing out that he already had a § 1983 action pending in the district court. The court subsequently overruled Petitioner's objection and dismissed the case for failure to comply with the court's previous order.

We have reviewed both Petitioner's brief and the record before us. We conclude that the district court properly construed Petitioner's § 2254 petition as arising under § 1983, and properly dismissed it for failure to comply with a court order. We direct, however, that the dismissal be without prejudice to Petitioner's previously filed and pending § 1983 action. See Fed. R. Civ. P. 41(b). As modified, the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

2